IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

(8),EDGARDO QUIROS MORALES, )
        Petitioner, )
        )
vs. )    CASE NO.97-072(SEC)
        )
UNITED STATES OF AMERICA, )
        Respondent.)

MOTION FOR MODIFICATIOIN OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)(2)

COMES NOW EDGARDO QUIROS MORALES ("Petitioner"),and hereby moves this court for a modification of the sentence imposed under Count 2, pursuant to the United States Sentencing Commission's ("Commission") enactment of Amendment 591 through Title 18 USC §3582(c)(2) and per United States Sentencing Guidelines ("USSG") Section 1B1.10(c).

Petitioner states the following for this request for modification:

1. Petitioner was charged in Count 2 of conspiring with ten (10) co-defendants,and others to distribute "in excess of five (5) kilograms of Heroin," "in excess of five (5) kilograms of Cocaine," "in excess of five (5) kilograms of Cocaine Base," and "in excess of one hundred (100) kilograms of marijuana," in violation of 21 U.S.C.§846 (Count 2).

2. The indictment does not name the Petitioner as a co-defendant or as a co-conspirator to commit any of the murders alleged in the indictment. The indictment does not allege that the murder of a rival drug distributor's sister was committed "in furtherance" of the conspiracy charged in the indictment filed in the District Court of Puerto Rico in the case at bar.

3. At the end of trial,the district court instructed the jury that

it could find the defendant(s) guilty of conspiracy if it found:

> "First,that between on or about August 1,1990,and on or about April 10,1997,the agreement specified in the indictment,in Count 2,and not some other agreement or agreements existed between at least two persons charged or named in the indictment to possess with intent to distribute controlled substances.
>
> And,second,that is that the defendant(s) willfully joined in that agreement. (7/15/98,Tr.20-21).

The court further instructed the jury "[t]he United States is not required to prove that the amount or quantity of controlled substance was as charged in the indictment." but instead "need only prove beyond a reasonable doubt that there was a measurable amount of controlled substance." Id. at 29.

This Instruction was based on Instruction No.24:Actual Amount Need Not Be Proven,which is attached as Exhibit A.

4.  The Presentence Report (PSR) recommended for Petitioner an offense level of 43,pursuant to USSG §2D1.1(d)(1) because at least two persons were murdered in connection with the drug conspiracy. Morales PSR G-7 (paragraphs 14-15,19).

The Guidelines prescribed a sentence of Life imprisonment for a defendant with an offense level of 43. The PSR,while not making any specific determinations concerning the amounts of drugs involved in the conspiracy,noted that the conspiracy trafficked in "multi-kilogram quantities of heroin,cocaine and marijuana."

At Petitioner's sentencing,the district court adopted the findings of the Psr. The district court sentenced the Petitioner to life imprisonment based the PSR.

5.  Petitioner brings to this court's attention Amendment 591,which is listed in section 1B1.10(c). Petitioner states that due to the pre-591 Amendment,the Life sentence was imposed under an incorrect understanding

2

that since the jury did not find the specified quantity of drugs listed in the indictment, it was error for the court to utilize the cross-section guideline to murder and impose the sentence of life beyond the defaulted statutory maximum sentence of twenty (20) years pursuant to Section 841(b)(1)(C).

Petitioner shows the court how Amendment 591 applies to the sentence imposed under Count 2 and, now, states the following in support for a modification of the sentence:

### APPLICABILITY OF AMENDMENT 591 TO COUNT 2

Amendment 591 took effect on Nov.1, 2000, and applies retroactively. See §1B1.10(c). This amendment modified §1B1.1(a), §1B1.2(a), and the statutory index's commentary to "clarify the inter-relationship among these provisions." Amend. 591 ("reason for amendment").

Prior to the amendment, §1B1.2(a) had called for selecting the offense guideline "most applicable" to the offense of conviction; Application Note Three to §1B1.2(a) had allowed consideration of relevant conduct" even when such conduct does not constitute an element of the offense"; and the index's introduction had stated that "if, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted."

The court, in the case at bar, relied on the PSR when it stated:

> "[t]hat use of the cross-referenced guideline to §2A1.1(d)(1) should be applied '[i]f a victim was killed under circumstances that would constitute murder under 18 USC §1111 had such killing taken place within the territorial or maritime jurisdiction of the United States') id. §2A1.1 (providing base offense level of 43.), should be applied.

In essence, the court found this case to be atypical when it applied

3

the cross-referenced guideline to impose the life sentence.

The provisions under the pre-amendment [591] spawned some confusion. Relying thereon, some courts used a defendant's relevant conduct to select an offense guideline other than that referenced in the statutory index. The issue arose most frequently under §2D1.2, which provides enhanced penalties for drug offenses occurring near protected areas or involving underage or pregnant individuals. These factors are actual elements of separate offenses set for in 21 USC §§859-861.

Amendment 591 revised the provisions described above. Amendment 591 ("reason for amendment").

The Probation Officer did not have the guidance of Amend. 591 when preparing the PSR. He instead applied the Guidelines in effect at the time of sentencing. Said Guidelines have now been revised and clarified in their use of determining a defendant's sentencing range. Had Petitioner made the claim that a misapplication of the Guidelines occurred under these Guidelines, the claim would have been dismissed, but said claim is now ripe for this court's determination.

Amendment 591 directs the court in the steps in which it is to determine the relevant sentencing range, or, more aptly, to guide the Probation Officer. The record makes manifest the district court's reliance on the PSR in the case at bar.

That report identified "The guidelines for a 21 USC §846 offense is found in Section 2D1.1. That section provides that if a victim was killed under circumstances that would constitute murder under 18 USC 1111,...,a base offense level of 43 applies." PSR, Page 7, para.19.

The district court proceeded to apply the murder cross-reference, USSG §2D1.1(d)(1), to arrive at a base offense of 43. Based on this offense level (43) and Petitioner's criminal history of I, Life imprison-

4

ment was the only available sentencing option. See id. Ch.5,Pt.A(Sentencing Table). The court imposed the sentence based on this calculation.

Beyond the language of the indictment and the jury's verdict, the jury was instructed that it not need to find "[t]hat there was measurable amount of controlled substance," whereby placing the Petitioner's statutory maximum at twenty (20) years. Because the statutory maximum was capped at twenty (20) years,it was error to apply the cross-reference guideline to impose a sentence beyond the defaulted cap. Apprendi does not prohibit a sentencing court from making factual finding's that increase a defendant's sentence (including findings as to drug types and quantity) as long as the sentence imposed is "within" the default statutory maximum. See United States v Caba,241 F.3d 98,101(1st Cir.2001).

Nevertheless,drug type and quantity must be determined by the jury before a defendant may receive a sentence in excess of the default statutory maximum.

Where,as the case at bar,a defendant is accused of distributing heroin,cocaine,and cocaine base in violation of 21 USC §841(a)(1),the default statutory maximum derives from 21 USC §841(b)(1)(C). See United States v LaFreniere,236 F.3d 41,49(1st Cir.2001)(explaining that the catchall provision of section 841(b)(1)(C) contains the correct statutory maximum for substances classified under Schedules I and II). That makes the default statutory maximum twenty years.

In the case at bar,USSG §5G1.1(a) ["where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range,the statutorily authorized maximum sentence shall be the guideline sentence."] would have prohibited the court from exceeding the defaulted 20 year maximum,even had the court applied the cross-referenced murder guideline. Had Amendment 591 been in effect,Petitioner would not

5

received the life sentence that was imposed on Count 2.

For this case at bar to have triggered a higher statutory maximum, the jury would have had to found, beyond a reasonable doubt, that the conspiracy was responsible for the distribution of drugs in the amounts at least equal to the quantities described in 21 USC §841(b)(1)(A)(e.g., 1 kilogram of Heroin, 5 kilograms of Cocaine, or 50 grams of Cocaine Base) extending to life imprisonment.

Had the jury's findings contained the specified quantities charged in the indictment and required it to complete and return a special verdict form, the claim could easily be ascertainable. See e.g., <u>United States v Knight</u>, 342 F.3d 697, 709(7th Cir.2003).

In the case at bar, however, the government did not suggest such a course and no detailed questions were submiied to the jury. Actually, the jury was instructed that:

> "[t]the United States is not required to prove that the amount or quantity of controlled substances was as charged in the indictment," but instead "need only prove beyond a reasonable doubt that there was a measurable amount of controlled substances." (7/15/98, Tr.29).

This instruction was based on Exhibit A. Because the jury was instructed as such, Petitioner fell in the catchall provision of section 841(b)(1)(C), the defaulted statutory maximum of twenty years.

By specifying drug types and quantities, the indictment laid the groundwork appropriately: it put the Petitioner on notice that he faced a life sentence. Without more, however, the language of the indictment does not evince that the jury, by the naked act of returning a guilty verdict, actually found Petitioner responsible for the described drug types and quantities. The jury instruction must supply a proper linkage. See <u>United States v Westmoreland</u>, 240 F.3d 618, 633(7th Cir.2001) ("Apprendi requires drug quantity--when it subjects a defendant to an

6

enhanced sentence--to be both charged in the indictment and submitted to the jury.").

The jury instructions in the case at bar did not supply the proper linkage to qualify the Petitioner for a life sentence. They did not advise the jury that it must find the Petitioner guilty beyond a reasonable doubt of conspiracy to distribute, at a minimum, the drug types and quantities described in the indictment. The jury instructions, read as a whole, did not forge the necessary link: they omitted any connection between (a) drug types and quantities; and (b) the requirement that these facts be proven beyond a reasonable doubt. Because there is no special verdict form nor a suitably focused jury instruction (requiring a finding beyond a reasonable doubt, that the Petitioner had knowingly participated in a conspiracy to distribute in excess five kilograms of Heroin, in excess of five kilograms of Cocaine, in excess of five kilograms of Cocaine Base and in excess of one hundred kilograms of marijuana), the verdict placed the Petitioner's statutory maximum at twenty years pursuant to 21 USC §841(b)(1)(C). Because the issue of drug type and quantity was not properly submitted to the jury, the statutory maximum was capped at twenty years [21 USC §841(b)(1)(C)].

The court adopted the PSR and sentenced the Petitioner to Life imprisonment based on the Guidelines in force at the time of sentencing.

## CONCLUSION

Amendment 591's clarifying instructions and revisions of USSG §§ 1B1.1(a) and 1B1.2(a) was not available for the Probation Officer's guidance. Had they been in force, the Probation Officer would have had to acknowledge that, under the USSG, it was not possible to apply the cross-referenced guideline in a manner that exceeded the statutory maximum of twenty years pursuant to Guideline §5G1.1(a) and §5G1.1(c)("In

any other case,the sentence may be imposed at any point within the appliable guideline range,provided that the sentence (1) is not greater than the statutorily authorized maximum sentence...").

Therefore,even though the murder cross-reference will always allow for a Life sentence,the Guidelines require that the cross-reference only increase the defendant's sentence at most to the statutory maximum associated with the charge of which the defendant was convicted.

Thus,if a defendant to whom the 20-year statutory maximum under §841(b)(1)(C) applies is subject to a 10-year sentence under the USSG for a drug charge alone,the murder cross-reference may be applied to increase the defendant's sentence only to 20-years imprisonment,but no more.

In Braxton v United States,500 U.S.344,348,111 S.Ct.1854,114 L.Ed. 2d 385(1991),the Supreme Court held,"Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicking judicial decisions might suggest."

The Commission did clarify §§1B1.1(a) and 1B1.2(a) and the statutory index's commentary due to the confusion those guidelines caused among the circuits. Had Amendment 591's instructions been in force at the time of Petitioner's sentencing,and the court failed to abide by them,then a claim would have existed under 18 USC §3742,but because they weren't,this claim would have been denied. Since,Nov.1,2000,this amendment[591] shows that Petitioner would not have received the sentence he did had it been in effect and the claim presented herein is now ripe for this court's consideration.

WHEREFORE,EDGARDO QUIROS MORALES,Petitioner requests that this amendment be applied to Count 2,as it's operation would cause a reduction

8

in the relevant sentencing range different than the one selected from the USSG in effect at the time of sentencing.

MORALES requests counsel be appointed if this court deems that an evidentiary hearing is necessary to determine the application of this amendment to determine the proper Guidelines sentencing range for Count 2.

Dated this 7 day of January, 2008.

Respectfully submitted,

*Edgardo Quiros Morales*
Edgardo Quiros Morales
#41496-054
P.O.Box 33
Terre Haute, IN 47808

## PROOF OF SERVICE

I certify that on December 7, 2008, a copy of the foregoing was sent to the following:

U.S.Attorney Office
Torre Chardon, Suite 1201
350 Carlos Chardon Ave.
Hato Rey, PR  00918

by U.S.Postal service, postage prepaid first class, under the penalty of perjury, 28 USC §1746.

*Edgardo Quiros Morales*
Edgardo Quiros Morales

9