IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,       )
              Plaintiff,  )
                         )
  vs.                      )   CASE NO.97-072(SEC)
                         )
(8),EDGARDO QUIROS MORALES,     )
              Defendant.   )

---

STATE OF INDIANA )
                ) ss: **AFFIDAVIT OF EDGARDO QUIROS MORALES**
COUNTY OF VIGO   )

COMES NOW Edgardo Quiros Morales,and,after being duly sworn,deposes and says:

1. That he is the eighth defendant listed in the above cited case number. He was named as such in Count 2 of the Indictment filed in the district court for the District of Puerto Rico on April 10,1997.

2. Count 2 charged that from on or about August 1,1990,and continuing until on or about April 10,1997,in the District of Puerto Rico and elsewhere,and within the jurisdiction of this court,[] EDGARDO QUIROS MORALES,aka "Quiros";[] the defendant[] herein,did,knowingly and intentionally,combine,conspire,and agree[],to commit an offense against the United States,to wit,to knowingly and intentionally distribute multi-kilogram quantities of controlled substances,that is to say,in excess of five (5) kilograms of Heroin,a Schedule I Narcotic Drug Controlled Substance,in excess of five (5) kilograms of Cocaine, a Schedule II Narcotic Drug Controlled Substance,in excess of five (5) kilograms of Cocaine Base,a Schedule II Narcotic Drug Controlled Substance,and in excess of one hundred (100) kilograms of Marijuana,a Schedule I Controlled Substance,as prohibited by Title 21,U.S.C.§ 841(a)(1).

3. On July 15, 1998, the Affiant was found guilty by jury as charged but not as to the specified quantities charged in the indictment in Count 2.

4. The Base Offense Level Guideline was determined to be USSG §2D1.1 for the offense conviction of 21 USC §846.

5. The author of the Presentence Report (PSR) utilized the cross-referenced Guideline to determine the Base Offense Level of 43.

6. Affiant was not charged as a co-conspirator to commit murder against anyone in this case nor charged with the murder of anyone in connection with this case.

7. The government alleged that affiant participated in the murder of the sister (Maria Magdalena Gotay) of a rival gang leader. This act is not charged as an Overt Act in Furtherence of the illicit drug activity charged in the indictment.

8. This allegation is not charged as an "object of the conspiracy" against the affiant in Count 2. The object of the conspiracy was to obtain multi-kilograms of controlled substances and distribute them in violation of Title 21, USC §841(a)(1). The alleged "participation" of affiant in the murder of a drug rival's sister is not charged as an "object of the conspiracy." The government did not seek such allegation nor present it to the grand jury. Yet, this allegation was used as the foundation to the cross-reference guidline in §2D1.1.

9. Affiant is not named as a co-defendant and/or co-conspirator that undertook the action resulting in the murder of Reynaldo Colon Gonzalez, aka "Rey" as described in the Indictment on Pages 13-14.

10. Affiant claims that he had no part or any active participation in any of the alleged murders cited in the Indictment nor in the murder of a rival drug leader's sister.

11. Affiant avers that because the sentencing court utilized the cross-referenced guideline for murder and setting the base offense level at 43 was a misapplication of the Guidelines. The missaplication is now revealed by the United States Sentencing Commission when they enacted Amendment 591 amd amended USSG §§1B1.1(a),1B1.2(a),and the statutory index's introduction. This amendment was not in force at the time of affiant's sentencing. The Guidelines in force at the time of affiant's sentencing caused confusion and caused courts to select an offense guideline not applicable to the offense of conviction. This confusion was cleared up by Amendment 591.

12. Affiant avers that had the instructions provided by Amendment 591 been in effect at the time of sentencing,he would not have faced a life sentence under the cross-reference guideline's application due to the jury not being instructed to find,at a minimum,the specified quantities of drugs as charged in the indictment. Because the jury was not instructed to find such,the statutory maximum became the default statutory maximum of twenty (20) years under 21 USC 841(b)(1)(C). If the court choose to still apply the cross-reference guideline,it could not have went beyond the statutory maximum. Because the confusion caused by the Guidelines prior to Amendment 591 enactment,Affiant was incorrectly exposed to the life sentence.

AFFIANT SAYETH FURTHER NAUGHT

Done this 27 day of Dec. ,2007.

Edgardo Quiros Morales
#41496-054
P.O.Box 33
Terre Haute,IN 47808

Signed before me Edgardo Quiros Morales ,Notary.

State of Indiana,Vigo County.My Commission expires 10/29/2015 .



TAMMY BANKSTON
Notary Public State of Indiana
Vigo County
My Commission Expires
June 29, 2015

3