### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>**EDGARDO QUIROS MORALES**<br>Defendant. | CRIM. NO. 97-072(SEC) |

### OPPOSITION AND REQUEST FOR SUMMARY DISMISSAL OF MOTION FOR MODIFICATION

TO THE HONORABLE COURT:

COMES NOW, the United States of America, through the undersigned attorneys, and before this Honorable Court very respectfully states and prays as follows:

1. On July 15, 1998, the defendant, Edgardo Quiros Morales, was found guilty of Count Two of the Indictment under Title 21, United States Code, §§ 841(a)(1) and 846, involving a conspiracy to distribute multi-kilogram quantities of cocaine, heroin, cocaine base, and marihuana for financial gain. The evidence proved that defendant Quiros Morales was involved in a conspiracy to distribute in excess of the following amounts of narcotic controlled substances: 5 kilograms of Cocaine; 5 kilograms of Heroin; 5 kilograms of Cocaine Base; and, 100 kilograms of Marihuana. The evidence also proved that defendant Quiros Morales was a triggerman within the drug organization, and that he possessed, brandished and used firearms to provide protection to the leaders of the organization and also engaged in shootings against rival drug trafficking organizations. As part of the drug conspiracy the Government proved that the co-conspirators, including Quiros Morales, did undertake several murders.

2. Defendant was sentenced in accordance to Sentencing Guideline § 2D1.1(d)(1), which establishes a base level offense of 43, for those cases where a "victim is killed under circumstances

that would constitute murder under 18 U.S.C. § 1111, had such killing taken place within the territorial or maritime jurisdiction of the United States."

3. Since the defendant did not demonstrate a recognition and acceptance of responsibility for his crime, the reduction of two (2) levels was not warranted, under U.S.S.G. § 3E1.1(a).

4. Based on the total offense level of 43 and a criminal history category I, the defendant was sentenced on December 18, 1998, to a life imprisonment.

5. In the instant case, the defendant was found guilty for the above-specified quantities as charged in the Indictment. Therefore, the statutory maximum penalty correctly applied is a term of life in prison, under Title 21, United States Code, § 841 (b)(1)(A).

6. It must be noted that at sentencing, defendant did not raise any issues regarding his Pre-sentence Investigation Report, which clearly reflects the applicable statutory provisions and guideline calculation.

7. Defendant's argument that this Court sentenced him under a general jury verdict is without merit and barred. In the instant case the jury found the defendant guilty as charged in the Indictment. The Indictment specified the quantities involved as to each narcotic controlled substance involved in the drug conspiracy. Defendant alleged this same issue on appeal. See, Case No. 99-1115, Quiros Morales v. United States, 121 S.Ct. 2556 (2001)(Cert. Denied), 127 S.Ct. 1000 (2007) (Cert. Denied). The United States Court of Appeals for the First Circuit concluded: "Count II of the indictment charged defendant with conspiring to distribute specified amounts of heroin, cocaine, cocaine base, and marijuana; he was found guilty as charged. Therefore, a general verdict was appropriate and the proper sentence was imposed."

8. Regarding defendant's Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) claim, it must be noted that in this case defendant's sentence did not expose him to a greater punishment than that

authorized by the jury's guilty verdict. The statute, 21 U.S.C. § 841, authorizes a sentence of twenty (20) years to life imprisonment in all cases where the drug distribution activity results in death. Given that defendant was sentenced within the statutory maximum for the offense of conviction, there is no Apprendi violation.

9. Contrary to defendant's contention, Amendment 591 is inapplicable to the defendant's argument. Under Amendment 591, the applicable guideline is that established for the offense of conviction. In the case at hand, the Court applied the specific guideline applicable to the offense of conviction, which was Title 21, United States Code, §§ 841(a)(1) and 846. As the drug trafficking conspiracy involved murders, the Court correctly applied U.S.S.G. § 2D1.1(d)(1), which is the cross-reference to murder **within** the applicable guideline for the drug offense. Amendment 591 is not related to the selection of the base offense level within the applicable sentencing guideline. Therefore, defendant does not have a claim under Amendment 591.

10. In addition, in defendant's appeal, Case No. 99-1115, the First Circuit concluded: "the [District C]ourt correctly based defendant's offense level on the fact that victims were killed, bringing the sentence within the ambit of § 2D1.1(d)(1). ... Defendant does not contest the [D]istrict [C]ourt's finding that he was, in fact, responsible, for murders meeting the criteria of § 2D1.1(d)(1)." The Judgment of the First Circuit is now final, and defendant is barred from raising the same issues before this Court.

WHEREFORE, the United States respectfully requests from the Court to deny defendant's request for reduction of sentence.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 3rd day of March, 2008.

                                              ROSA EMILIA RODRÍGUEZ-VÉLEZ
                                              United States Attorney

                                              s\<u>Ilianys Rivera Miranda</u>
                                              Ilianys Rivera Miranda - 223006
                                              Assistant U.S. Attorney
                                              Torre Chardón, Room 1201
                                              350 Carlos Chardón Avenue
                                              San Juan, PR 00918
                                              Tel. (787) 766-5656
                                              Ilianys.Rivera@usdoj.gov

## **<u>CERTIFICATE  OF SERVICE</u>**

     I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to notify the counsels of record, and to defendant Edgardo Quiros Morales, inmate # 41496-054 by priority mail at: P.O. Box 33, Terre Hante, IN 47808.

At San Juan, Puerto Rico, this 3rd day of March, 2008.

                                              s\<u>Ilianys Rivera Miranda</u>
                                              Ilianys Rivera Miranda - 223006
                                              Assistant U.S. Attorney