IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

(8),EDGARDO QUIROS MORALES,)
         Petitioner,)
)
vs. ) CASE NO. 97-072(SEC)
)
UNITED STATES OF AMERICA, )
         Respondent.)

PETITIONER'S REPLY TO GOVERNMENT'S OPPOSITION AND REQUEST
FOR SUMMARY DISMISSAL OF MOTION FOR MODIFICATION

TO THE HONORABLE COURT:

COMES NOW,EDGARDO QUIROS MORALES,Petitioner and hereby submits this reply to the Government's motion showing that a reply is warranted due to the record on file contradicting the Government's position. Petitioner states the following:

1. Petitioner cited Amendment 591 for this Courts consideration for a modification of the sentence imposed on Count II,for which the Petitioner was found guilty of.

2. Petitioner attached to his motion the jury instruction given to the jury. See Exhibit A,Pet.Motion.

This jury instruction is entitled: Instruction NO.24:Actual Amount Need Not Be Proven. This instruction does not make the proper linkage between the quantity alleged in the indictment to set the maximum statutorily authorized sentence at life under 21 U.S.C.§841(b)(1)(A).

By the Government making the claim that the jury found the Petitioner guilty of the charged quantities,it has attempted to obsfucate the true nature of what the jury returned a verdict of guilt upon. This claim is refuted by the instruction [No.24] given to the jury and the Government's claim is not supported by the record.

3. The Government claims that it was proper for the court to use

U.S.S.G.§2D1.1(d)(1) to impose the life sentence. Again, the Government fails to acknowledge that the jury did not return the verdict based on the quantities charged in the indictment. Petitioner acknowledges that the court may use the murder cross-referenced guideline, but use of the guideline is precluded from a sentence that exceeds the statutory maximum authorized by the jury's verdict.

Petitioner brings to this Honorable Courts attention the case of United States v Perez-Ruiz, 353 F.3d 1 (1st Cir.2003), a case that mirrors the case at bar. At the time of Petitioner's sentencing, this case was not yet decided by the Circuit but it has direct impact upon the relevant selection of the sentence and gives instruction to the court(s) on how to apply the murder cross-reference guideline. This case should have been brought to this Courts attention by the Government, as it has a duty to inform the court(s) of relevant caselaw whether it benefits their case or not.

In Perez-Ruiz, the Circuit held:

> "For this case to have triggered a higher statutory maximum, the jury would have had to found, beyond a reasonable doubt, that the conspiracy was responsible for the distribution of drugs in amounts at least equal to the quantities described in 21 U.S.C.§841(b)(1)(B)[...]. And for the case to have triggered a statutory maximum extending to life imprisonment, the jury would have had to found, beyond a reasonable doubt, that the conspiracy was responsible for the distribution of drugs in amounts at least equal to the quantities described in 21 U.S.C.§841(b)(1)(A)(e.g., one kilogram of heroin, five kilograms of cocaine, or 50 grams of cocaine base).
>
> The jury's findings would be readily ascertainable if the court had required it to complete and return a special verdict form.[...]. Here, however, the government did not suggest such a course and no detailed questions were submitted to the jury."

Id. 353 F.3d at 15.

The jury instruction in the case at bar did not supply the linkage for the sentence to reach the highest statutory maximum of life as provided for at 21 U.S.C.§841(b)(1)(A). The instruction [No.24] did

2

not advise the jury that it must find the Petitioner guilty of, at least, the drug types and quantities described in the indictment to place the sentencing range in §841(b)(1)(A). Because the instruction did not supply the proper linkage, the verdict allowed a statutory maximum sentence of 20 years, as found at 21 U.S.C.§841(b)(1)(C). The Government claims that the jury returned its verdict based upon the quantities charged in the indictment, but the record refutes this claim. Govt.Resp.at p.2,¶5. The record and files in the case at bar shows this claim to be erroneous. See Pet.Motion,Ex.A.

Amendment 591 has direct applicability to this case, as it amended certain procedural steps that the court(s) must take when selecting the authorized sentencing range utilizing the guidelines.

Perez-Ruiz was not decided when Petitioner was sentenced by this Honorable Court, therefore, it was assumed that the court properly imposed the life sentence using the murder cross-reference guidline. This was drastically altered when the Circuit made its ruling in Perez-Ruiz; US v Bailey, 270 F.3d 83,88-89(1st Cir.2001);US v Caba,241 F.3d 98,101 (1st Cir.2001).

This ruling also addressed APPRENDI. The Circuit held in Perez-Ruiz, as for the Apprendi violation"

> "We turn next to the district court's sentencing determination. The record makes manifest the district court's reliance on the PSI Report. That report identified 21 U.S.C.§ 841(b)(1)(A), which sets the maximum available punishment life imprisonment, as the relevant penalty provision.1 The district court proceded to apply the murder cross-reference, U.S.S.G.§2D1.1(d)(1), to arrive at a base offense level of 43." Id.at 14.
>
> "Apprendi's core principle is that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. Apprendi does not prohibit a sentencing court from making factual findings that increase a defendant's

3

sentence (including findings as to drug types and quantities) as long as the sentence imposed is within the default statutory maximum. See US v Caba,241 F.3d 98,101(1st Cir.2001). Nevertheless,drug types and quantities must be determined by jury before a defendant may receive a sentence in excess of the default statutory maximum. Martinez-Medina,279 F.3d at 121-22." Id.at 15.

The jury,in the case at bar,was not instructed to make findings in regard to drug types and quantities in the charged conspiracy,and, as a result,the jury's verdict allowed a statutory maximum sentence of 20 years pursuant to 21 U.S.C.§841(b)(1)(C). Because the issue of drug type and quantity was not properly submitted to the jury,the court may not impose a sentence beyond 20 years. See US v Bailey,270 F.3d 83,88-89(1st Cir.2001).

## CONCLUSION

"Even if the district court still sees fit to apply the murder cross-reference found in USSG §2D1.1(d)(1)--[]--it may not increase the term of imprisonment beyond a maximum of 20 years. See USSG § 5G1.1(a)("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range,the statutorily authorized maximumsentence shall be the guideline sentence."). Perez-Ruiz,353 F.3d at 19,20.

The Circuit court has determined that the guidelines cannot be used to imposed a sentence beyond the statutorily authorized sentence and recognizes that USSG §5G1.1(a) precludes the sentencing court from imposing a guideline sentence beyond the statutorily authorized maximum sentence. In the case at bar,the statutorily authorized maximum is 20 years pursuant to 21 U.S.C.§841(b)(1)(C),because the jury was not instructed to find,at the minmum,the drug types and quantities charged by indictment. Amendment 591 has direct application because USSG §5G1.1(a) is a procedural step that the sentencing court must

4

take into consideration when selecting the relevant sentencing range.

Section 3582(c)(2) authorizes this Honorable Court to modify the sentence imposed on Count II, as it would be in accord with the policy statement found at USSG §1B1.10(c).

WHEREFORE, Edgardo Quiros Morales respectfully requests this Honorable Court to grant his Section 3582(c)(2) motion and to modify his sentence accordingly.

Dated: 3/17, 2008.

Respectfully submitted,

*Edgardo Quiros Morales*
Edgardo Quiros Morales
#41496-054
P.O. Box 33
Terre Haute, IN 47808

PROOF OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document was served, via First Class Mail, on:

> Ilianys Rivera Miranda, AUSA
> Torre Chardon, Room 1201
> 350 Carlos Chardon Avenue
> San Juan, PR 00908

*Edgardo Quiros Morales*
Edgardo Quiros Morales