IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGARDO QUIROS-MORALES,<br><br>Defendant. | CRIMINAL 97-072 (SEC) |

### MOTION IN COMPLIANCE AND INFORMATIVE MOTION

TO THE HONORABLE SALVADOR E. CASELLAS
SENIOR UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW**, EDGARDO QUIROS-MORALES, the defendant herein, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

1. The defendant, Mr. Edgrado Quiros-Morales (hereinafter "Mr. Quiros") filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 740.) In it, Mr. Quiros moves the Court for a sentencing reduction based on Amendment 591 to the Sentencing Guidelines and makes a generalized *Apprendi* type argument to challenge his life imprisonment sentence.

2. The United States filed a response in opposition to Mr. Quiros' motion on March 8, 2008. (Docket No. 746) to which defendant replied on April 8, 2008. (Docket No. 755.)

3. On April 31, 2008, this Honorable Court issued an order in which, among other things, the Court reminded counsel that the deadlines established by the Administrative

Directive Re: Crack retroactivity, Misc. 08-031 (JAF), had elapsed. (Docket No. 754.) The Court also set new deadlines for (1) the filing of retroactivity package; (2) submission of a recommended stipulation; and (3) filing of Memoranda of Law in case no stipulation was reached. (*Id.*)

4. The United States Probation Officer filed a retroactivity package on April 14, 2008. (Docket No. 756.) The probation officer correctly stated that this was not a crack-cocaine case insofar as the offense level applied to the defendant was based on the murder cross-reference found in USSG § 2D1.1(d)(1) which increased defendant's offense level to 43. At level 43, the only sentence available under the Sentencing Table is life imprisonment.

5. The Court should be informed that inasmuch as this is not a crack retroactivity case, the Administrative Directive, Misc. 08-031(JAF) did not really cover the arguments raised by the defendant and does not really provide for the appointment of counsel to represent the defendant in his *pro se* motion.

6. The confusion might have arisen from the fact that defendant's *pro se* motion is titled "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" and as the Court is aware, section 3582(c) is the vehicle by which crack retroactivity cases are being litigated. But the defendant is making arguments unrelated to the new amendment to the crack cocaine guidelines.

7. Without giving an opinion regarding the merits of the arguments advanced by Mr. Quiros in his *pro se* motion, the Court is hereby informed that the case is at this point submitted for the Court's decision.

**WHEREFORE**, it is respectfully requested that this Honorable Court take notice of the present motion.

**I HEREBY CERTIFY** that on this date I electronically filed the present memorandum with the Clerk of Court using the CM/ECF system which will sent electronic notification of said filing to all parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 22nd day of April, 2008.

**JOSEPH C. LAWS, JR.**
**Federal Public Defender**
**District of Puerto Rico**

*S/Hector L. Ramos-Vega*
Hector L. Ramos-Vega
Assistant Federal Public Defender
USDC-PR 222504
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441
(787) 281-4922/ Fax (787) 281-4899
E-mail: Hector_Ramos@fd.org